# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RAYONIER ADVANCED MATERIALS INC. and RAYONIER PERFORMANCE FIBERS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA BYERLY, <br><br> Defendant. | No. 2:21-CV-63 |

**PRELIMINARY INJUNCTION**

Before the Court are Plaintiffs' request for a preliminary injunction, dkt. no. 1 at 16, and Plaintiffs' supplemental motion and brief for a preliminary injunction, dkt. no. 14. The Court previously entered a temporary restraining order, dkt. no. 9, on June 29, 2021, and Plaintiffs now seek to convert that restraining order into a preliminary injunction.

Upon consideration of Plaintiffs' verified complaint, Plaintiffs' supplemental motion and brief, the exhibits attached thereto, and the evidence and arguments of the parties at the hearing on this matter held earlier today, the Court finds that Plaintiffs have satisfied all four prerequisites for injunctive relief: (1) a substantial likelihood of success on the merits; (2) that Plaintiffs will suffer irreparable harm unless the injunction

issues; (3) the threatened harm to Plaintiffs outweighs the damage the proposed injunction may cause Defendant; and (4) if issued, the injunction would not be adverse to the public interest. See Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001)).

First, Plaintiffs have demonstrated a substantial likelihood of success on the merits of their Defend Trade Secrets Act ("DTSA") claim against Defendant. To achieve injunctive relief under the DTSA, Plaintiffs must show that: (1) Plaintiffs owned a trade secret that is related to a product or service used in, or intended for use in, interstate or foreign commerce; and (2) Defendant has misappropriated or threatens to misappropriate the trade secret. See 18 U.S.C. § 1836(b)(1), (3). Plaintiffs operate a pulp plant in Jesup, Georgia, where Defendant was employed as an engineer from 2014 until June 2021. Dkt. No. 1 ¶¶ 2, 12. Plaintiffs' alleged trade secrets clearly fall within those contemplated by the DTSA: "the manner in which the SVP plant is configured, the cooking formulas which are utilized, the various chemical composition of the sodium chlorate used in the SVP plant, how the chlorine dioxide is used in making various products, and specific customer information" all constitute scientific, technical, engineering, financial, business, or economic information which Plaintiffs have taken adequate measures to protect. See 18 U.S.C.

§ 1839(3); Dkt. No. 1 ¶¶ 20, 23, 30. Plaintiffs contend they "derive economic value for these trade secrets" and "have developed a strong position in the industry" by, in part, "highly guard[ing] trade secret information that is not disclosed to the public or to customers"; they also allege they utilize their trade secrets to produce and sell products in interstate and foreign commerce. Dkt. No. 1 ¶¶ 20-22, 27-28. Further, Plaintiffs have demonstrated that Defendant has certainly threatened to misappropriate trade secrets in his June 14, 2021 email in which he tells Plaintiffs that, unless he "receive[s] a proper answer" within five business days, he will play "the final card in [his] arsenal," which would involve Defendant's sharing with NASA his "reverse engineer[ing of] the entire SVP plant from the ground up." Id. ¶¶ 32, 33; see also 18 U.S.C. § 1839(5), (6).

Second, Plaintiffs have demonstrated that they will suffer irreparable harm unless the preliminary injunction issues. Notably, Defendant told Plaintiffs in his June 14, 2021 email that if he plays his "final card," then Plaintiffs "will suffer irreparable harm." Dkt. No. 1-2 at 2. Defendant also signed a non-disclosure agreement that explicitly stated any breach of its provisions "would cause Rayonier irreparable injury which would not reasonably or adequately be compensated by damages in an action at law." Dkt. No. 1-1 at 4. Based on these acknowledgements, as well as Plaintiffs' allegations that they have secured a "strong

3

position" in the complex cellulose products industry by "highly guard[ing] trade secret information that is not disclosed to the public or to customers," dkt. no. 1 ¶ 20, Plaintiffs sufficiently demonstrate that they would suffer irreparable harm with inadequate legal remedies if the injunction does not issue.

Third, the threatened injury to Plaintiffs clearly outweighs any potential harm to Defendant if he is enjoined from misappropriating Plaintiffs' trade secrets. Defendant admitted at the temporary restraining order hearing that he is not aware of any way that such an injunction would harm him.

Finally, an injunction preventing Defendant from misappropriating Plaintiffs' trade secrets would not disserve the public interest. To the contrary, such an injunction would serve the public interest by protecting the economic viability of the Jesup pulp plant and by encouraging industries to develop intellectual property with the comfort that the courts will assist them in protecting that information from misappropriation.

Accordingly, it is **HEREBY ORDERED** that Plaintiffs' request for a preliminary injunction is **GRANTED** as follows:

A. Defendant is restrained and enjoined from misappropriating any of Plaintiffs' trade secrets; and
B. Defendant is ordered to return all of Plaintiffs' trade secrets to Plaintiffs in any form in which Defendant has retained said trade secrets.

C.  Plaintiffs' $5,000.00 cash bond which has been posted will remain in place for the purposes of Rule 65(c).

D.  This preliminary injunction shall remain in effect until further notice.

**SO ORDERED**, this 12th day of July, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA